**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MAGATTE FALL,

          Plaintiff,

    v.

EL HADJI M. FALL,

          Defendant.

Case No. 1:16-cv-870
Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On August 24, 2016, Plaintiff Magatte Fall tendered a *pro se* complaint, together with a motion seeking to proceed in this court *in forma pauperis*, or without payment of the requisite $400.00 filing fee. (Doc. 1). By separate Order, her motion has been granted, resulting in the filing of her tendered complaint.

This is a heartbreaking case in which a mother has filed a suit seeking the return of her young son, who she alleges has been wrongfully taken from her and illegally kept in a distant land. Assuming the truth of her allegations results in no relief,[1] because this Court lacks jurisdiction over Plaintiff's complaint.

**I. General Screening Authority**

Prior to service of process, this Court must conduct a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although a plaintiff's *pro se* complaint must be "liberally

---

[1] The undersigned accepts the truth of the facts alleged in the complaint solely for purposes of initial screening.

construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).

In addition to its obligation to screen the complaint under 28 U.S.C. §1915(e)(2), this Court must determine whether it has subject matter jurisdiction over this action.

## II. Analysis

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.

> Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 702, 102 S.Ct. 2099 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul \*726 Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 287 n. 10, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir.2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

*Hayes v. Shelby Cty. Tr.*, 971 F. Supp. 2d 717, 725–26 (W.D. Tenn. 2013).

Plaintiff's complaint appears to assert the existence of federal question jurisdiction. Under 28 U.S.C. §1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff submitted her complaint on a form typically used to allege violations of civil rights under 42 U.S.C. §1983, and has checked a box asserting subject matter jurisdiction under 28 U.S.C. §1343(3), alleging specifically that Defendant "acting under color of State law, deprived [plaintiff] of a right secured by federal law or the

2

Constitution." (Doc. 1-1 at 2, emphasis added). However, it does not appear that the sole individual Defendant, identified as Plaintiff's ex-husband and the child's father, is employed by the State of Ohio or other governmental entity, which would give rise to a civil rights claim under 42 U.S.C. §1983.

Notwithstanding the lack of jurisdiction under civil rights laws, Plaintiff's allegations make clear that she alleges federal question jurisdiction based upon her contention that the Defendant has unlawfully retained her minor son in a foreign country, Senegal. Based upon the exhibits attached to Plaintiff's complaint, it appears that Plaintiff and her child are American citizens.[2] According to the allegations of the complaint, the child (hereinafter "MCIF") traveled to Senegal on October 22, 2015 for what was intended to be a temporary stay. He was scheduled to return to Plaintiff's residence on June 24, 2016, but did not return. Plaintiff alleges that since June, MCIF's father has been unlawfully retaining the child in Senegal. On August 17, 2016, a New Jersey family court judge directed the father to immediately return MCIF to his mother, but the Defendant allegedly continues to unlawfully keep the child in Senegal. Plaintiff states that she has been prevented from speaking to her son since July 31, 2016.

The complaint attaches as an exhibit a copy of the referenced August 17, 2016 order from the Superior Court of New Jersey, Chancery Division – Family Part Hudson Count, that directs the Defendant herein (El Hadji Fall) to immediately return the minor child to his mother, and grants to her "temporary legal and physical custody…until further order of the Court." (Doc. 1-1, PageID 12). The same New Jersey Court Order

---

[2] The documents include the minor child's New York City birth certificate, several New Jersey state court records relating to Plaintiff's divorce proceedings in that Court, including orders that reference the minor child and custody arrangements, as well as an order permitting the United States Passport Agency to issue a passport for the child.

directs the "defendant"[3] to show cause at a hearing to be held on September 9, 2016 why the temporary custody order should not be made permanent.

This Court ordinarily does not have jurisdiction over custody proceedings, but exceptions arise where the issue in dispute involves the abduction (or unlawful retention) of a child to a foreign country. If the foreign country in question is a signatory to the Hague Convention, federal jurisdiction may be invoked under that international treaty. Here, however, Senegal - the country in which the Defendant is alleged to be illegally retaining MCIF - is not a member of the Hague Convention. Therefore, the federal law that was enacted to implement the Hague Convention on the Civil Aspects of International Child Abduction, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610, does not apply to provide a basis for federal jurisdiction in this case.

No other basis for the exercise of federal jurisdiction exists. Other federal courts examining similar cases have uniformly agreed that federal jurisdiction cannot be exercised over child abduction cases that do not arise under the Hague Convention. "[Providing a jurisdictional basis on which disgruntled parents from non-signatory countries could sue would undermine any incentive such nations have to join fully the Hague Convention." *Taveras v. Taveras*, 397 F. Supp.2d 908, 916 (S.D. Ohio 2005), *aff'd*, 477 F.3d 767 (6th Cir. 2007)(dismissing suit where no jurisdiction existed under the Hague Convention, holding no alternative basis for federal jurisdiction existed the Alien Tort Statute or other federal law, rejecting claim that court could assert jurisdiction under §1331 under federal common law). *Accord Czupinka v. Greczuch*, 2010 WL 3394276 E.D.N.Y. July 19, 2010)(rejecting claim of subject matter jurisdiction under

---

[3]This may be a clerical error; the "defendant" in the New Jersey proceeding is identified as Magatte Fall.

4

ICARA where the only country that was a member of the Hague Convention at the time of the kidnaping was the country from which the subject child was removed), adopted at 2010 WL 3394296 (E.D.N.Y. Aug 23, 2010).

It is possible that Plaintiff and Defendant will yet resolve their custody dispute without court intervention, or that Senegal authorities or a Senegal court will provide the resolution that Plaintiff seeks, and/or that the ongoing custody proceedings in the New Jersey state court may resolve in her favor. Yet another option that Plaintiff may pursue is further relief through extra-judicial channels, including but not limited to the State Department, and/or her local congressional representatives. According to the exhibits tendered with her complaint in this Court, Plaintiff previously was granted the authority to obtain a United States passport in her minor son's name without the consent of the Defendant father, based in part upon her status as the parent of primary residence. (Doc. 1-1 at PageID 27). That documentation may eventually be of some benefit, in addition to any orders that may be issued by any court with jurisdiction over this matter.

Even if none of the referenced options provides Plaintiff with the relief she seeks, however, the fact remains that this Court cannot grant her any relief, because it has no jurisdiction over this matter.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED WITH PREJUDICE** based upon a lack of federal jurisdiction, and for failure to state a claim under 28 U.S.C. §1915(e)(2).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MAGATTE FALL,

    Plaintiff,

    v.

EL HADJI M. FALL,

    Defendant.

Case No. 1:16-cv-870
Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge